BASSICK, J.
 

 The attorney general appeals the June 6, 1995 decision of the family support magistrate denying the state’s request for the admission into evidence of deoxyribonucleic acid (DNA) genetic test results. This is an appeal to the Superior Court pursuant to § 46b-231 (n) of the General Statutes from the decision of the magistrate in a paternity proceeding.
 

 This is a paternity proceeding brought by the attorney general on behalf of the plaintiff against the defendant. On September 18,1993, a child was born to the plaintiff. It is alleged that the defendant is the father of that child.
 

 On November 29, 1994, the defendant filed a motion pursuant to General Statutes § 46b-168 for genetic testing. The motion was granted by the court on that date.
 
 *148
 
 Also on that date, the defendant filed a pro se appearance and an answer denying the allegations of the petition. On March 21, 1995, the matter was again before the magistrate and was continued to April 18, 1995, with a notation that the defendant “challenges the blood test results.” The parties thereafter submitted briefs dated April 10 and April 18,1995. Briefs were submitted to the magistrate on April 18 and the matter was continued to May 9. On May 9, the defendant submitted an additional brief and the attorney general was given time to file an additional brief. The matter was then continued to June 6, 1995. On May 22, the attorney general filed a brief answering that of the defendant filed on May 9. On June 6, the parties again appeared and the magistrate ruled that the DNA test results were not to be admitted into evidence. Thereafter, the attorney general filed the present appeal.
 

 The petition states that it is undisputed that the family support magistrate ordered the DNA genetic testing under § 46b-168 to be performed by an accredited laboratory. It also recites that the defendant did not object to the test being performed by Roche Biomedical Laboratories, an accredited laboratory. The petition recites further that the state requested to have the test results admitted into evidence and that, the provisions of § 46b-168 notwithstanding, the magistrate refused to admit the test results into evidence. It should be noted that the attorney general sought to introduce the original test results without any foundation testimony.
 

 Section 46b-168 provides in pertinent part: “(a) In any proceeding in which the question of paternity is at issue the court or a family support magistrate, on motion of any party, may order genetic tests which shall mean deoxyribonucleic acid tests, to be performed by a hospital, accredited laboratory, qualified person designated by the court, to determine whether or not the putative father or husband is the father of the child.
 
 *149
 
 The results of such tests shall be admissible in evidence to either establish definite exclusion of the putative father or husband or as evidence that he is the father of the child, (b) In any proceeding in which the question of paternity is at issue, the results of such genetic tests shall constitute a rebuttable presumption that the putative father is the father of the child if the results of such tests indicate a ninety-nine per cent or greater probability that he is the father of the child, provided the petitioner has presented evidence that sexual intercourse occurred between the mother and the putative father during the period of time in which the child was conceived.”
 

 The language concerning the dispute between the parties is that appearing in the last sentence of subsection (a) of § 46b-168: “[t]he results of such tests
 
 shall be admissible
 
 in evidence . . . .” (Emphasis added.) It is the attorney general’s position that the original report is admissible in evidence without any foundation testimony being necessary. The defendant’s position is that foundation testimony is required; the magistrate has agreed with the defendant’s position.
 

 The language “shall be admissible” has been part of this statute since its original enactment in 1957. The same language was repeated when the status was changed to allow DNA genetic testing. The cases of
 
 Moore
 
 v.
 
 McNamara,
 
 201 Conn. 16, 30, 513 A.2d 660 (1986), and
 
 Miller
 
 v.
 
 Kirshner,
 
 225 Conn. 185, 195, 621 A.2d 1326 (1993), distinguish between admissibility under the statute and admissibility under the common law, suggesting that the results of genetic testing under subsection (a) of the statute are admissible without further testimony.
 

 In support of such an interpretation, the legislature, in 1994, enacted Public Acts 1994, No. 94-93, now codified in subsection (b) of § 46b-168. This addition to
 
 *150
 
 § 46b-168 provided that the results of genetic testing shall constitute a rebuttable presumption so that common-law foundation objections might be utilized to rebut the genetic test results. If the language of subsection (a) were to solve only the question of reliability as argued by the defendant, there would be no reason for the legislature to have enacted subsection (b).
 

 The court rules that the magistrate was in error when he sustained the defendant’s objection to the introduction of the Roche-Biomedical Laboratory test results. The test results should have been admitted. Section 46b-168 provides unequivocally that such test results “shall be admissible,” and this court rules that that language means that the test results are admissible without foundation testimony and without requiring evidence in accordance with the common law, as is the requirement for human leukocyte antigen (HLA) test results at the present time.
 

 In reaching its decision the court has considered the briefs of the parties dated April 10, April 18, May 9, May 22, July 12 and July 20,1995, together with attorney Graham’s letter of July 20.
 

 The magistrate’s decision of June 6,1995, is reversed and the case is remanded to the magistrate for proceedings consistent with this decision.